◼ In the Matter of Clifford E. Drake, Jr., Respondent, v Belle Rose Riley, Appellant. [52 NYS3d 766]—

Appeal from an order of the Family Court, Steuben County (Gerard J. Alonzo, J.H.O.), entered April 6, 2016 in a proceeding pursuant to Family Court Act article 8. The order, among other things, directed respondent to refrain from having any contact with petitioner.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, and the matter is remitted to Family Court, Steuben County, for further proceedings in accordance with the following memorandum: Respondent mother appeals from an order of protection entered upon a finding that she committed two family offenses (*see* Family Ct Act § 812 [1]), i.e., disorderly conduct (Penal Law § 240.20) and harassment in the second degree (§ 240.26), against petitioner father. In his amended petition, the father alleged that the mother yelled at him and called him names. The matter proceeded to a trial, after which Family Court issued a "stay away" order of protection ordering the mother to refrain from contact with the father and the parties' two children.

We agree with the mother that the court abused its discretion in denying her attorney's motion to adjourn the hearing because the mother was unable to attend. We therefore reverse the order on appeal and remit the matter to Family Court for further proceedings on the amended petition. In Family Court Act article 8 proceedings, the court "may adjourn a fact-finding hearing or a dispositional hearing for good cause shown on its own motion or on motion of either party" (Family Ct Act § 836 [a]). Although the court does not abuse its discretion in denying a request for an adjournment where the party making the request gives no reason for his or her absence (*see Matter of Tyler W. [Stacey S.]*, 121 AD3d 1572, 1573 [2014]), here, the mother explained her absence. Moreover, the proceedings were not protracted, and the mother made no prior requests for an adjournment (*see id.*).

In light of our determination, we do not reach the mother's remaining contentions. Present—Smith, J.P., Carni, NeMoyer, Curran and Troutman, JJ.