Matter of Sullivan v Sullivan (2019 NY Slip Op 05289)





Matter of Sullivan v Sullivan


2019 NY Slip Op 05289


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


657 CAF 18-01321

[*1]IN THE MATTER OF KENNETH SULLIVAN AND DEBBIE SULLIVAN, PETITIONERS-RESPONDENTS,
v
AMY SULLIVAN, RESPONDENT-APPELLANT, AND CHRISTOPHER NELIPOWITZ, RESPONDENT-RESPONDENT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR RESPONDENT-APPELLANT. 
CHARLES E. LUPIA, SYRACUSE, FOR PETITIONERS-RESPONDENTS. 
SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Onondaga County (Karen Stanislaus, R.), entered July 11, 2018 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted petitioners sole legal and physical custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order, entered following the mother's failure to personally appear at the hearing on the petition, that granted sole legal and physical custody of the subject child to petitioners, the child's grandparents. Family Court denied the mother's request for an adjournment, and her attorney participated in the hearing in her absence.
We agree with the mother that the court abused its discretion in denying her request to adjourn the hearing. The record demonstrates that the mother presented a valid and specific reason for her inability to attend the hearing well before the hearing date and supported her request for an adjournment, which was her first, with a letter from her inpatient provider. Further, although the mother's counsel appeared on her behalf at the hearing, the record supports the mother's contention that she was prejudiced by her inability to provide testimony at the hearing. The court denied the adjournment based on its general desire to effect a quick and efficient resolution of this matter. There was, however, no evidence that the child would have been harmed by an adjournment. Under these circumstances, we conclude that the court abused its discretion in denying the mother's request to adjourn the hearing (see Matter of Drake v Riley, 149 AD3d 1468, 1469 [4th Dept 2017]; Matter of Cameron B. [Nicole C.], 149 AD3d 1502, 1503 [4th Dept 2017]). We therefore reverse the order and remit the matter to Family Court for further proceedings on the petition.
In light of our determination, we do not reach the mother's remaining contention.
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court